## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **TRIUMPH DOMS, LLC** | § | **Case No. 22-80084** |
| *Debtor,* | § | **Chapter 7** |
| | § | |
| | § | |
| **NRE INVESTMENT GROUP, LLC** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | |
| | § | |
| **DEUTSCHE BANK NAT. TRUST CO.,** | § | |
| **TRUSTEE, ET AL.** | § | |
| *Defendants.* | § | **Adversary No._____** |

## NRE INVESTMENTS GROUP, L.L.C.'S ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT AND ALTERNATIVLEY TO SET ASIDE SUBSTITUTE TRUSTEE'S SALE

NRE Investment Group, L.L.C. files this Original Complaint.

### JURISDICTION AND VENUE

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1334.  This venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409(a).

### PARTIES

2.      Plaintiff is NRE Investment Group, L.L.C. ("NRE").

3.      Defendant is Deutsche Bank Nat. Trust Company Trustee for First Franklin Mortgage Loan Trust 2006-FF9 Mortgage Pass-Through Certificates, Series 2006-FF9 (the "Bank").

4.      Defendant is Randy Williams, Trustee, who is the Chapter 7 Bankruptcy Trustee for the Debtor in this case.

### FACTS

5.      On March 8, 2006, Karen M. Keating ("Keating") executed a Promissory Note (the

"Note") in the original sum of $208,000.00 payable to the order of First Franklin, a Division of

Nat. City Bank, which was secured by a Deed of Trust (the "Deed of Trust") on the Real Property

(the "Property") located at 201 Las Brisas Street, Kemah, Texas 77565, and legally described as:

> Lot Three (3) in Block Two (2) of Dockside at Marina Del Sol, a subdivision in
> Galveston, County, Texas according to the map or plat thereof recorded in Vol. 18,
> Page 431B of the Map Records of Galveston County, Texas.

6.      The Deed of Trust was recorded under County Clerk's File no. 2006015341 in the

Real Property Records of Galveston County, Texas.

7.      The Note and Deed of Trust were assigned to the Bank.

8.      On November 27, 2018, Keating conveyed the Property to Anthony and Yelena

Cox.

9.      The Note went into default and the Bank posted the Property for a Substitute's

Trustee's Sale which was scheduled for May 3, 2022.

10.     On April 27, 2022 Anthony and Yelena Cox conveyed the Property the Debtor

Triumph Doms, L.L.C.

11.     At the sale on May 3, 2022, the Property was sold by the Substitute Trustee under

the Deed of Trust to NRE for the sum of $344,000.00, which the amount was paid, in cash, to the

Substitute Trustee. The Substitute Trustee executed and delivered a Substitute Trustees Deed (the

"Deed"), dated May 13, 2022 which was recorded under County Clerk's File No. 2022034612 in

the Real Property Records of Galveston, County, Texas.

11.     The proceeds of the Substitute Trustee's Sale paid the balance due under the Note

in full and generated excess proceeds which excess proceeds are still presently held by the

Substitute Trustee.

12.     Subsequent to the Substitute Trustee's Sale, NRE was advised that Triumph Doms, L.L.C. the record owner of the Property on the sale date had filed a petition for relief on May 2, 2022, the day before the scheduled sale date, under Chapter 7 of the U.S. Bankruptcy Code.

13.     Williams has been appointed the Chapter 7 Trustee for the Debtor and taken the position that the Substitute Trustee's Sale and Substitute Trustee's Deed were conducted in violation of the automatic stay of 11 U.S.C. §362 and are void.

14.     The Bank has taken the contrary position that the Substitute Trustee's Sale and Deed were not void and despite demand for the return of the sales proceeds, the Bank has refused to return the sales proceeds to NRE.

## CAUSES OF ACTION
### Declaratory Judgment

15.     NRE seeks a declaratory judgment as to the validity of the Substitute Trustee's Sale and Substitute Trustee's Deed and to declare the rights of each party.

16.     If the sale is held to be a void sale, then NRE requests judgment that the Substitute Trustee's Sale and Substitute Trustee's Deed be set aside and canceled and that the entire purchase price consideration of $344,000.00 be ordered to be returned to NRE by the Bank.

17.     If the sale is held to be a valid sale, then NRE requests a judgment that it is the owner of and entitled to possession of the Property.

18.     NRE additionally seeks recovery of its attorneys fees of at least $10,000.00 through the final resolution of this case, plus additional fees in the event of an appeal.

WHEREFORE, NRE Investment Group, L.L.C. requests that it be granted all relief which is requested and for any other relief to which it may be entitled.

Respectfully submitted,

JERRY L. SCHUTZA

By: _/s/ Jerry L. Schutza_____
Jerry L. Schutza
SBN: 17853800
815 Walker, Ste. 1453
Houston, Texas  77002
Telephone: (713) 963-9988
Email: schutzalaw@yahoo.com
**ATTORNEY FOR NRE INVESTMENT
GROUP, L.L.C.**