**IN THE UNITED STATES
BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Case No. 22-80084** |
| **TRIUMPH DOMS, LLC** | § | **Chapter 7** |

**MOTION FOR RETROACTIVE RELIEF FROM THE STAY REGARDING REAL
PROPERTY LOCATED AT 201 LAS BRISAS STREET, KEMAH, TEXAS 77565**

**THIS IS A MOTION FOR RELIEF FROM THE AUTOMATIC STAY. IF IT IS
GRANTED, THE MOVANT MAY ACT OUTSIDE THE BANKRUPTCY PROCESS.
IF YOU DO NOT WANT THE STAY LIFTED, IMMEDIATELY CONTACT THE
MOVING PARTY TO SETTLE. IF YOU CANNOT SETTLE, YOU MUST FILE A
RESPONSE AND SEND A COPY TO THE MOVING PARTY AT LEAST SEVEN
DAYS BEFORE THE HEARING. IF YOU CANNOT SETTLE, YOU MUST ATTEND
THE HEARING. EVIDENCE MAY BE OFFERED AT THE HEARING AND THE
COURT MAY RULE.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**THERE WILL BE A HEARING ON THIS MATTER ON JANUARY 11, 2023 AT 9:30 A.M.
AT 515 RUSK, HOUSTON, TX 77002 (COURTROOM 403)**

**THE COPY SENT TO THE MOVANT MUST BE DELIVERD BY HAND OR
ELECTRONIC DELIVERY IF IT IS SENT LESS THAN 7 DAYS PRIOR TO THE
HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE HEARING MAY BE AN
EVIDENTIARY HEARING AND THE COURT MAY GRANT OR DENY RELIEF FROM
THE STAY BASED ON THE EVIDENCE PRESENTED AT THIS HEARING.**

1.      This motion requests an order from the Bankruptcy Court to retroactively annul the
automatic stay such that the person filing this motion may take all steps necessary to clear title to
the Property that is identified below.

## I.   BACKGROUND

2.      The Movant is Vinumber, LLC ("Vinumber").  Vinumber is seeking to validate a non-
judicial foreclosure sale of the residential property located at 201 Las Brisas Street, Kemah, Texas
77565 (the "Property). The more specific background can be described as follows:

1

3.      Karen Keating purchased the Property on March 8, 2006.[1] A true and correct copy of the Warranty Deed to Keating  is attached hereto as <u>Exhibit 1 – Warranty Deed to Keating</u>. In order to secure the purchase of the Property, Keating took out two mortgages resulting in a primary lien and one subordinate lien.  True and correct copies of the lien documents are attached hereto as <u>Exhibit 2 – First Lien Deed of Trust</u> and <u>Exhibit 3 – Second Lien Deed of Trust</u>.

4.      On March 26, 2021, a state court lawsuit was initiated in the 122nd District Court of Galveston County under Cause No. 21-CV-0397 wherein the managers of the Debtor (hereafter, the "Coxes") sued Keating in their own names seeking, among other things, to validate their purported interest in the Property. <u>Exhibit 4 – The Coxes Original State Court Petition</u>. Keating timely answered and brought certain counterclaims, including declaratory relief that the Coxes' interest in the property be removed from the real property records of Galveston County. <u>Exhibit 5 – Keating's Original Answer and Counterclaims</u>.

5.      The Coxes claim an interest in the Property through a Warranty Deed seemingly bearing Keating's signature. This instrument is recorded under Instrument Number 2020025813 in the Real Property Records of Galveston County, Texas. A true and correct copy of this instrument is attached hereto as <u>Exhibit 6 – Warranty Deed from Keating to Coxes</u>. Keating denies that she ever signed this deed. <u>Exhibit 5</u>. The Coxes also sued Vinumber, a subordinate lienholder. Vinumber timely answered and counterclaimed. <u>Exhibit 7 – Vinumber LLC's Original Answer and Counterclaims</u>. Vinumber is seeking to validate their security interest in the Property that Keating had granted to Vinumber via a deed of trust dated March 18, 2021. A true and correct copy of that deed of trust is attached hereto as <u>Exhibit 8 – Deed of Trust to Vinumber</u>.

---

[1] Legally described as: LOT 3, IN BLOCK 2, OF THE DOCKSIDE AT MARINA DEL SOL, A SUBDIVISION IN GALVESTON COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF RECORDED IN VOLUME 18, PAGE 431B OF THE MAP RECORDS OF GALVESTON COUNTY, TEXAS.

6.      The Property was scheduled to be sold at foreclosure auction on May 3, 2022 by the holder of the primary lien. A true and correct copy of the relevant notice of sale is attached hereto as Exhibit 9 – Notice of Sale. Prior to the scheduled sale date, on April 27, 2022, the Coxes transferred title to the Property to the Debtor. A true and correct copy of that deed is attached hereto as Exhibit 10 – Warranty Deed from Coxes to Triumph Dom, LLC. The Debtor then filed this bankruptcy on May 2, 2022. However, neither the Coxes nor the debtor notified the primary lienholder of the bankruptcy filing.

7.      After the bankruptcy was filed, Keating removed the state court lawsuit to federal court on July 29, 2022.  Despite Keating's notice of removal clearly referencing the bankruptcy and stating she was removing the case to the bankruptcy court as an adversarial proceeding, the clerk of the court assigned the case to Judge Ellison and assigned it Case No. 4:22-cv-02527.  Keating and Vinumber filed a motion to transfer the case to the bankruptcy court on October 28, 2022. That motion has not been ruled upon.

8.      On May 3, 2022, the primary lienholder, identified as Deutsche Bank National Trust Company, as Trustee for First Franklin Mortgage Loan Trust 2006-FF9, Mortgage Pass-Through Certificates, Series 2006-FF9 ("Deutsche"), conducted the foreclosure sale. NRE Investment Group, LLC ("NRE") purchased the Property for the stated price of $344,000.00. A true and correct copy of the Trustee's deed to NRE  is attached hereto as Exhibit 11 – Trustee's Deed to NRE.

9.      Upon information and belief from Deutsche's foreclosure counsel, Thuy Frazier, excess proceeds in the approximate amount of $122,799.39 have resulted from the foreclosure sale. As a subordinate lienholder at the time of the senior lien foreclosure, Vinumber is an interested party to the excess proceeds under Texas law.

## II. 362(d) STANDARD TO ANNUL FOR CAUSE

10.     A bankruptcy court has the power to terminate, annul, modify or condition the automatic stay. *See In re Pierce*, 272 B.R. 198 (Bankr. S.D. Tex. 2001), *subsequently aff'd*, 91 F. App'x 927 (5th Cir. 2004) (*citing* 11 U.S.C. § 362(d)). "To grant such relief, the Court must find that there is cause. Annulment of the stay has the effect of eliminating it (or terminating it retroactively)." *Id.* (*citing Sikes v. Global marine, Inc.*, 881 F.2d 176, 178 (5th Cir. 1989) ("The power to annul authorizes retroactive relief even unto the date of the filing of the petition giving rise to the automatic stay."))

11.     Bankruptcy courts have found that "cause" as used in 362(d) has no clear and limited definition and is determined on a case-by-case basis. *See In re Texas State Optical, Inc.*, 188 B.R. 552, 556 (Bankr. E.D. Tex. September 13, 1995) (finding that cause is an "intentionally broad and flexible concept that permits the Bankruptcy Court, as a court of equity, to respond to inherently fact-sensitive situations."). "The Fifth Circuit has recognized cause as any reason cognizable to the equity power and conscience of the court as constituting an abuse of the bankruptcy process." *In re Northbelt, LLC*, 630 B.R. 228, 284 (Bankr. S.D. Tex. May 29, 2020) (*quoting Matter of Little Creek Dev. Co.*, 779 F.2d 1068, 1072 (5th Cir. 1986) (internal quotations omitted).

12.     A finding of bad faith filing on behalf of the Debtor can provide cause to annul a post-petition foreclosure sale. *See id.* Regarding a finding of bad faith filing, the Fifth Circuit has outlined "typical recurring patterns associated with bad faith filings." *Id.* These include the following factors: the debtor has one asset, there are few to no employees besides the principals, there is little to no cash flow, there is no source of income to sustain a plan of reorganization, there are few or none unsecured creditors, and the debtor's property has been noticed for foreclosure. *See id.*

### III. <u>ARGUMENT & AUTHORITIES</u>

   a.  **The Debtor Filed this Bankruptcy in Bad Faith. Therefore, Cause Exists to Annul the Automatic Stay.**

13.     A bad faith filing is cause to annul an automatic stay. *See In re Northbelt*. When taking into account the information provided in the Bankruptcy Petition (Dkt. No. 1) and all relevant surrounding facts and circumstances, several factors weigh in favor of a finding of bad faith. The Court should therefore annul the automatic stay and validate the May 3, 2022 foreclosure sale to NRE Investment Group, LLC.

14.     <u>Factor One: Debtor has one principal asset</u>. Here, Debtor's one principal asset is the Property. The stated location of Debtor's principal assets is the address to the Property. Dkt. No. 1 at 1. Debtor's business is described as "Single Asset Real Estate." *Id.* at 2. Though Debtor also claims real property in Highlands County, Florida, this does not weigh against a finding of bad faith as the Florida property is apparently vacant and undeveloped. *See* Highlands County Property Appraisal website: https://www.hcpao.org/Search/Parcel/29362107011400120C. Debtor also has de minimis cash assets in two bank accounts that likewise do not weigh against a finding of bad faith. Debtor's principal (and most valuable) asset is the Property. *See* Dkt. No. 1 at 7. Thus, this factor weighs in <u>favor</u> of bad faith.

15.     <u>Factor Two: Debtor seemingly has no employees</u>. Though nothing in the bankruptcy petition explicitly states whether Debtor has employees, it is likely that they do not have any. This is inferred from the fact that Debtor's gross revenue since 2020 is $0.00. Dkt. No. 1 at 16. This factor thus weighs in <u>favor</u> of bad faith filing.

16.     <u>Factor Three: Debtor's cash flow is likely low</u>. The Bankruptcy petition states that Debtor has only $278.29 in their bank accounts. *Id.* at 7. Debtor also has reported gross revenues of $0.00. *Id.* at 16.   Debtor is therefore unlikely to make adequate protection payments as its cash flow is seemingly nonexistent. This factor then weighs in <u>favor</u> of a bad faith filing.

17.     Factor Four: Debtor has seemingly no source of income. Upon reviewing the Bankruptcy Petition, it is likely that Debtor has no source of income. This weighs in favor of a bad faith filing as Debtor likely cannot make adequate protection payments under a bankruptcy plan. *See Matter of Little Creek* at 1073. Debtor's self-described business is single-asset real estate, namely ownership of the Property. *Id.* at 2. The Property however is seemingly unoccupied. *See* Dkt. No. 15 at ¶ 3. Debtor is therefore not collecting rents on the Property, their purported single asset. Further, as mentioned *supra*, Debtor's gross revenue since 2020 is $0.00. Dkt. No. 1 at 16. As Debtor does not seem to have any source of income that would support protection payments, this factor weighs in favor of a bad faith filing.

18.     Factor Five: Debtor has zero unsecured creditors. Debtor's Bankruptcy Petition states that Debtor does not have any unsecured creditors. *Id.* at 13. This further weighs in favor of a bad faith filing. *See In re Lots by Murphy, Inc.*, 430 B.R. 431, 436 (Bankr. S.D. Tex. March 22, 2010) (explaining that having little to no unsecured creditors does not satisfy one of the "pillars of bankruptcy" that seeks to maximize the repayment of debts.). As Debtor has no unsecured creditors seeking repayments through the bankruptcy process, the risk of a disorderly disposition of Debtor's estate is low.[2] Therefore, this factor weighs in favor of a bad faith filing.

19.     Factor Six: The Property was set for foreclosure sale prior to this Bankruptcy filing. Though the policies behind the automatic stay favor allowing the filing debtor breathing room from ravenous creditors, no such protection is warranted here. *See In re JCP Properties, Ltd.* at 613. Several factors can be examined to determine whether a post-petition foreclosure sale can be validated through an annulment of the automatic stay. *See In re Wilks*, 123 B.R. 555, 559 (Bankr. W.D. Tex. January 28,

---

[2] "Further, the rationale behind the second pillar is that 'bankruptcy maximizes the repayment of an insolvent debtor's debt's by overcoming the collective action (or musical-chairs) problem that arises when each of the debtor's unsecured creditors races to seize the debtor's assets, when a more orderly liquidation, or reorganization, would yield a larger total recovery.'" *In re Lots by Murphy, Inc.* at 736 *quoting U.S. v. Frontone*, 383 F.3d 656, 659 (7th Cir. 2004).

1991).[3] Relevant to this Motion are the following: the nexus between the residence and the debtor's generation of income, the length of time the debtor has been in bankruptcy, whether bankruptcy was filed solely to stay foreclosure, and whether there is a special reason or circumstance for the debtor to maintain ownership of the residence. *Id.* All factors weigh in favor of finding a bad faith filing. Debtor does not generate income from the Property. Dkt. No. 1 at 16. Debtor filed this bankruptcy one day prior to the foreclosure sale and five days after obtaining title. *See* Exhibit 10; Dkt. No. 1. Debtor has no unsecured creditors so it is likely that this bankruptcy was filed solely to forestall foreclosure. *Id.* at 13. Lastly, there does not seem to be any special reason for Debtor to retain title to the Property. Its principals apparently do not live there and Debtor does not rent it out. Therefore, this factor weighs in favor of a bad faith filing.

20.        All the above factors weigh in favor of Debtor having filed this bankruptcy in bad faith. Therefore, cause under 11 U.S.C. § 362(d)(1) exists to annul the automatic stay and validate the foreclosure sale to NRE and allow Movant as a subordinate lienholder access to the generated excess proceeds.

## IV. PRAYER

21.        WHEREFORE PREMISES CONSIDERED, Movant requests this Court annul the automatic stay under 11 U.S.C. 362(d)(1) and validate the foreclosure sale to NRE. Movant further requests all other relief Movant may be entitled to in law or equity.

Date: November 29, 2022.

Respectfully submitted,

JEFFREY JACKSON & ASSOCIATES, PLLC

/s/     *Charles "Danny" Brooks*
**JEFFREY C. JACKSON**

---

[3] Though the court in *Wilks* dealt with a Chapter 11 bankruptcy petition, these sub-factors remain instructive.

Texas Bar No. 24065485
Federal Admissions No. 1024221
**CHARLES "DANNY" BROOKS**
Texas Bar No. 24126064
Federal Admissions No. 3725319
jeff@jjacksonllp.com
danny@jjacksonllp.com
2500 E. TC Jester Blvd., Suite 285
Houston, Texas 77008
713-861-8833 (T)
713-682-8866 (F)

ATTORNEYS FOR MOVANT
VINUMBER, LLC

### Certificate of Conference

Movant certifies that prior to filing this motion, Movant communicated with counsel for debtor on October 11, 2022 and the debtors are opposed to this motion.

*/s/ Jeffrey C. Jackson*
Jeffrey C. Jackson

### Certificate of Service and Certificate of Compliance with BLR 4001

A copy of this motion was served on the persons shown on Appendix 1 at the addresses reflected on that exhibit on November 29, 2022, by ECF or, where necessary, prepaid United States first class mail. Movant certifies that movant has complied with Bankruptcy Local Rule 4001.

*/s/ Jeffrey C. Jackson*
Jeffrey C. Jackson

8

# Appendix 1

Label Matrix for local noticing
0541-3
Case 22-80084
Southern District of Texas
Galveston
Tue Nov 29 12:59:08 CST 2022

3
United States Bankruptcy Court
601 Rosenberg St
Rm 411
Galveston, TX 77550-1738

Select Portfolio Servicing, Inc.
P.O. Box 65250
Salt Lake City, UT 84165-0250

Jack Nicholas Fuerst
Attorney at Law
2600 South Gessner Rd
Ste 408
Houston, TX 77063-3217

Galveston County
Linebarger Goggan Blair & Sampson LLP
c/o Tara L. Grundemeier
P.O. Box 3064
Houston, TX 77253-3064

Clear Creek Independent School District
P.O.Box 799
League City, TX 77574-0799

Specialized Loan Servicing LLC
6200 S. Quebec St.
Greenwood Village, CO 80111-4720

Michael Nassif
11839 Mighty Redwood
Houston, TX 77059-5511

Triumph Doms, LLC
2600 South Shore Blvd. Suite 392
League City, TX 77573-2943

Galveston County
c/o Tara L. Grundemeier
Linebarger Goggan Blair & Sampson LLP
P.O. Box 3064
Houston, Tx 77253-3064

US Trustee
Office of the U S Trustee
515 Rusk Ave
Ste 3516
Houston, TX 77002-2604

Randy W Williams
Byman & Associates PLLC
7924 Broadway
Suite 104
Pearland, TX 77581-7933